UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **FLAVIO ALEXANDER GUAMAN NAULA,**<br><br>       Petitioner,<br><br>   v.<br><br>**KRISTI NOEM, et al.,**<br><br>       Respondents. | Civil Action No. 25-16792 (SDW)<br><br>**OPINION** |

**IT APPEARING THAT:**

1. Presently before this Court is the petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition") by Petitioner Flavio Alexander Guaman Naula, who is presently detained by Immigration and Customs Enforcement ("ICE") in the Folkston D Ray ICE Processing Center, Georgia ("Folkston"). (ECF No. 1).

2. Respondents Department of Homeland Security ("DHS") Secretary Kristi Noem, ICE Newark Field Office Director John Tsoukaris, and United States Attorney General Pamela Bondi oppose the Petition. (ECF No. 6).

3. Petitioner is a citizen of Ecuador. (ECF No. 1 at 7). He entered the United States without inspection on or about October 1, 2021. (ECF No. 6-1 at 2). He was arrested in New York on October 9, 2025 by the New York City Fugitive Operations Team. (*Id.* at 3).

4. DHS subsequently issued a Notice to Appear that stated Petitioner was a noncitizen "present in the United States who has not been admitted or paroled." (ECF No. 6-2 at 1). Petitioner was charged with removability under Immigration and Nationality Act ("INA") § 212(a)(6)(A)(i), 8 U.S.C. § 1182(a)(6)(A)(i), for being present in the United States without admission or parole. (*Id.* at 2). He was detained in Delaney Hall, New Jersey before being moved to Folkston. (ECF

No. 5). His removal proceedings are ongoing, and there is no final order of removal. (ECF No. 6-3 at 2).

5. This Court "must accept all facts in the complaint as true, draw all reasonable inferences in the prisoner's favor, and ask only whether the complaint contains facts sufficient to state a plausible claim." *Durham v. Kelley*, 82 F.4th 217, 223 (3d Cir. 2023). Moreover, "[c]omplaints filed pro se should be construed liberally and held to 'less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). However, "*pro se* litigants must still allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

6. Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

7. Petitioner was detained within this Court's jurisdiction and by a custodian within this Court's jurisdiction when he filed the Petition, and he asserts that his continued detention violates due process. Therefore, this Court has jurisdiction over his claims. *Trump v. J. G. G.*, 604 U.S. 670, 672 (2025) (per curiam) (noting jurisdiction for "core habeas petitions" lies in the district of confinement); *see also Khalil v. Joyce*, 777 F. Supp. 3d 369, 393 (D.N.J. 2025) ("[A] habeas court that otherwise has jurisdiction over a case does not lose that jurisdiction just because the habeas petitioner has been moved out of the district.").

8. Petitioner argues that he is being detained in violation of the Constitution because Respondents incorrectly determined that he is subject to mandatory detention without a bond

2

hearing pursuant to 8 U.S.C. § 1225(b)(2). (ECF No. 7 at 10). Instead, Petitioner asserts that his detention can only be justified pursuant to 8 U.S.C. § 1226(a), which would entitle him to an individualized assessment for release by an immigration judge. (*Id.* at 13). Petitioner states that he has not sought a bond hearing because a recent Board of Immigration Appeals ("BIA") opinion divested immigration judges of jurisdiction to hear bond requests of noncitizens detained pursuant to § 1225(b). (ECF No. 1 at 7) (citing *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216, 216 (BIA 2025)). Respondents assert that Petitioner is lawfully detained pursuant to § 1225(b)(2) and that he is not entitled to a bond hearing pursuant to *Hurtado*. (ECF No. 6 at 13-14).

9.      As with many cases filed in this District and around the country, the critical issue before this Court is whether Petitioner is properly detained under § 1225(b) or § 1226(a). In brief, § 1225 provides that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained" pending removal hearings. 8 U.S.C. § 1225(b)(2)(A). "Thus, it is unambiguous and patently clear that for the provision to apply and thus subject a noncitizen to mandatory detention: (1) there must be an 'examining immigration officer' who determines; (2) that an 'applicant for admission'; (3) is 'seeking admission'; and (4) 'not clearly and beyond a doubt entitled to be admitted.'" *Soto v. Soto, et al.*, No. 25-cv-16200, ___ F. Supp. 3d ___, 2025 WL 2976572, at *5 (D.N.J. Oct. 22, 2025).

10.     On the other hand, § 1226(a) "applies to aliens already present in the United States" and "creates a default rule for those aliens by permitting—but not requiring—the Attorney General to issue warrants for their arrest and detention pending removal proceedings." *Jennings v. Rodriguez,* 583 U.S. 281, 303 (2018). "The line historically drawn between these two sections … is that section 1225 governs detention of non-citizens 'seeking admission into the country,'

3

whereas section 1226 governs detention of non-citizens 'already in the country.'" *Martinez v. Hyde*, No. 25-cv-11613, ___ F. Supp. 3d ___, 2025 WL 2084238, at *8 (D. Mass. July 24, 2025) (citing Jennings, 583 U.S. at 288-89). "[T]he provisions here are mutually exclusive—a noncitizen cannot be subject to both mandatory detention under § 1225 and discretionary detention under § 1226 … ." *Lopez Benitez v. Francis*, No. 25-cv-5937, ___ F. Supp. 3d. ___, 2025 WL 2371588, at *4 (S.D.N.Y. Aug. 13, 2025).

11. Respondents put forward a wide-sweeping interpretation of § 1225(b)(2)(A)'s "seeking admission" element, arguing that it is satisfied by the mere fact that Petitioner is present in the United States without admission. (ECF No. 6 at 15 ("[A]ll 'applicants for admission' are, by definition, 'seeking admission.'")) The vast majority of courts confronting this precise issue have rejected Respondents' interpretation, and the BIA's interpretation in *Hurtado*, as contradictory to the plain text of § 1225.[1] *See Patel v. Almodovar*, No. 25-cv-15345, 2025 WL 3012323, at *3 (D.N.J. Oct. 28, 2025) (citing cases). This Court is persuaded by the comprehensive reasoning of these courts and finds that § 1226(a) applies to Petitioner's detention.

12. Here, Petitioner was not seeking to be admitted when ICE detained him in New York; he had already been living inside the United States for four years. "A noncitizen like [p]etitioner, who has already entered and is present in the country, simply cannot be characterized as 'seeking entry' consistent with the ordinary meaning of that phrase." *Vazquez v. Feeley*, No. 2:25-cv-01542, 2025 WL 2676082, at *13 (D. Nev. Sept. 17, 2025); *see also Zumba v. Bondi*, No. 25-cv-14626, 2025 WL 2753496, at *3 (D.N.J. Sept. 26, 2025) (noting that "up until July 8 the

---

[1] This Court is not required to defer to the BIA's interpretation of § 1225 because "[w]hen the meaning of a statute [is] at issue, the judicial role [is] to 'interpret the act of Congress, in order to ascertain the rights of the parties.'" *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369, 412 (2024) (quoting *Decatur v. Paulding*, 39 U.S. 497, 503 (1840)).

predominant form of detention authority for petitioner and other noncitizens arrested in the interior of the United States was § 1226(a).")

13. Accordingly, Petitioner's mandatory detention pursuant to § 1225(b)(2)(A) violates the laws of the United States and Petitioner's Due Process rights. Respondents are ordered to treat Petitioner as detained under § 1226(a) and provide him with an individualized bond hearing.

14. An appropriate order follows.

Hon. Susan D. Wigenton,
United States District Judge
Dated: November 12, 2025