UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **FLAVIO ALEXANDER GUAMAN NAULA,** | Civil Action No. 25-16792 (SDW) |
| Petitioner, | |
| v. | OPINION |
| **KRISTI NOEM, et al.,** | |
| Respondents. | |

**IT APPEARING THAT:**

1. This Court granted Petitioner Flavio Alexander Guaman Naula's petition for a writ of habeas corpus on November 12, 2025. (ECF No. 9). Respondents were ordered to consider Petitioner as detained pursuant to 8 U.S.C. § 1226(a) and provide him with an individualized bond hearing before an immigration judge.

2. Petitioner appeared before Immigration Judge Ryan Fisher on November 18, 2025. Judge Rastegar concluded that Petitioner was a flight risk and denied Petitioner bond. (Bond Hearing Order, ECF No. 12-1 at 4).

3. On December 9, 2025, Petitioner filed a motion to enforce this Court's judgment ("Motion") arguing that he did not receive due process during his bond hearing and asked this Court to order his immediate release or to conduct a new bond hearing. (ECF No. 12).

4. This Court ordered Respondents to respond to the Motion, which they did on December 12, 2025. (ECF No. 14).

5. This Court lacks jurisdiction to review any discretionary determinations underlying the immigration judge's bond decision, but it can review whether the bond hearing was

fundamentally unfair in violation of this Court's order.  *See Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022).

6. The parties submitted written materials—Petitioner at ECF No. 12 and Respondents at ECF No. 14—and appeared before this Court for oral argument on December 18, 2025.  (ECF No. 17).

7. After review of the parties' submissions and consideration of the parties' arguments, this Court concludes that Petitioner has not shown that his bond hearing was fundamentally unfair.

8. In a fundamentally fair bond hearing, due process has three essential elements.  The noncitizen "(1) is entitled to factfinding based on a record produced before the decisionmaker and disclosed to him or her; (2) must be allowed to make arguments on his or her own behalf; and (3) has the right to an individualized determination of his interests."  *Ghanem*, 2022 WL 574624, at *2.

9. Petitioner submitted documents to the immigration court, including among other documents, a copy of his passport, an affidavit from Petitioner's uncle, Petitioner's New York learner's permit, and letters of support.  (*See* Bond Hearing Transcript, ECF No. 12-2 at 4).  Judge Fisher reviewed the submissions during the bond hearing and considered them, as well as Petitioner's testimony, in making his decision.  (Bond Hearing Transcript, ECF No. 12-2 at 21).  Petitioner was represented by counsel, who made arguments on Petitioner's behalf.  (*See generally* Transcript).

10. Petitioner argues Judge Fisher's decision "failed to consider alternatives to detention … is contrary to number [Board of Immigration Appeals ("BIA")] decisions, and [did not apply] the burden of proof by clear and convincing evidence that this Court required . . . ."

(ECF No. 12 at 4).  The alleged failure to consider detention alternatives and alleged failure to follow BIA precedent are arguments more appropriately raised to the BIA in an administrative appeal.

11. As to the burden of proof, this Court's order directed Respondents to "treat Petitioner as detained under 8 U.S.C. § 1226(a) and provide him with an individualized bond hearing before an immigration judge."  (ECF No. 9).  It did not specify a burden of proof in its order.

12. Additionally, Petitioner agreed with Judge Fisher's statement that Petitioner had the burden of proof at the bond hearing.  (Bond Hearing Transcript, ECF No. 12-2 at 7-8). Petitioner may not agree to a burden of proof at the hearing and then argue to this Court that the immigration judge erred in applying that standard.

13. "A motion to enforce a judgment is not the proper avenue to relitigate the merits of a bond order."  *Ghanem*, 2022 WL 574624, at *2.  This Court does not express any opinion on whether Judge Fisher came to the correct conclusion, but the record compels a finding that Petitioner received an individualized bond hearing as ordered by this Court.  Any challenge to the decision must be presented to the Board of Immigration Appeals.

14. Therefore, this Court will deny the Motion and close these proceedings.

15. An appropriate order follows.

          Hon. Susan D. Wigenton,
          United States District Judge
          Dated: December 19, 2025